**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **E-LINK PLASTIC & METAL INDUSTRIAL CO., LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A**<br><br>Defendants. | Civil Case No.: 24-cv-07494 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MERICARGO'S**
**MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION**

Defendant MERICARGO (the "Moving Defendant"), through its undersigned counsel, respectfully moves this Court to dissolve the preliminary injunction entered against it and states as follows:

## I. INTRODUCTION

The Court entered a Temporary Restraining Order (TRO) against the Moving Defendant on September 12, 2024. *See* ECF No. 22. At the time, the Moving Defendant had not been served, appeared, or had an opportunity to respond to the allegations in the Complaint. Plaintiff has now been granted a preliminary injunction against the Moving Defendant. *See* ECF No. 54.

The preliminary injunction should be dissolved against the Moving Defendant as Plaintiff is unlikely to succeed on the merits. The '703 Patent is invalid and/or unenforceable, and therefore

the Moving Defendant does not infringe the ‘703 Patent. There is no justification for the asset freeze, the Moving Defendant is well-established business that has appeared to defend itself, showing no risk of frustrating judgment. The balance of hardships and public interest favors the Moving Defendant. The preliminary injunction threatens to destroy legitimate businesses while any potential harm to Plaintiff can be compensated with damages. The Moving Defendant has already incurred substantial damage due to the suspension of their ASINs. The ongoing injunction also subject the Moving Defendant to automatic removal or destruction of their inventory by November 15, 2024. The Moving Defendant will be forced to return its inventory to China, further increasing the already significant financial burden. *See* Exhibit C.

In sum, Plaintiff has not met the high standard necessary for a preliminary injunction. The Moving Defendant thus seeks immediate dissolution of the preliminary injunction. In the alternative, Moving Defendant hereby requests the entry of a date for a prompt evidentiary hearing at which the parties can present to the court their respective evidence and arguments as to whether the preliminary injunction should be denied.

## II. LEGAL STANDARD

With respect to dissolving a preliminary injunction, the 7th Circuit has held that the standards are the same as those for granting or denying one. *See Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987). Notably, courts do not require that there be any “changed circumstances” as a prerequisite to dissolution as “[s]uch a standard would be particularly burdensome here, where Defendants –who had not yet appeared – had no opportunity to oppose the injunction.” *See Antsy Labs, LLC v. Individuals*, 2022 U.S. Dist. LEXIS 212406, 21-c-3289 (N.D. Ill. 2022).

A preliminary injunction is an “extraordinary remedy.” *Bevis*, 85 F.4th 1175, 1188

(citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). To obtain this "drastic" remedy, the plaintiff bears the burden of showing "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* Plaintiffs can carry that burden only with a "clear showing" on each of the four factors. *Troogstad v. City of Chicago*, 576 F.Supp. 3d 578, 583 (N.D. Ill. 2021) (denying preliminary injunction motion), *aff'd sub nom., Lukaszczyk v. Cook Cnty.*, 47 F.4th 587 (7th Cir. 2022); *see also, e.g., Braam v. Carr*, 37 F.4th 1269, 1272 (7th Cir. 2022); *Cassell v. Snyders*, 990 F.3d 539, 544-50 (7th Cir. 2021).

Importantly, the movant "bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet *just one* of the prerequisites for a preliminary injunction, the injunction *must* be denied." *Smith v. Foster*, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir. 1989)) (emphasis added). In order to meet its burden, Plaintiff must support its motion "with evidence" to satisfy each of the elements required to obtain injunctive relief. *See Merritte v. Kessell*,2015 WL 1775777, at *2 (S.D. Ill. Apr. 16, 2015); *see also, e.g., Air Serv Corp. v. Serv. Emps. Int'l Union*, 2016 WL 7034136, at *1 (N.D. Ill. Dec. 2, 2016) (noting that the moving party "must show that it will suffer irreparable harm.").

If the movant meets these requirements, the Court must then weigh, using a sliding scale approach, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued. That is, if a claim is very likely to succeed on the merits, less harm to the plaintiff will be required to justify injunctive relief and vice versa. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992). The plaintiff must demonstrate a likelihood

of success, not simply a "better than negligible" chance of success as plaintiff claims. *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020). The determination of what constitutes a likelihood of success depends on the facts of the case because of the sliding scale approach.

## III. ARGUMENT

### A. Plaintiff Lacks Likelihood of Success on the Merits

As an initial matter, Plaintiff's Complaint only generically claims that the Moving Defendant infringes the '703 Patent. Plaintiff has not pleaded any facts to demonstrate how the Moving Defendant's products allegedly infringe the '703 Patent. There is no claim to accused product infringement analysis or comparison. Plaintiff thus has not sufficiently alleged infringement by the Moving Defendants. *Bot M8 LLC v. Sony Corp. of Am*., 4 F.4th 1342 (Fed. Cir. 2021) ("The mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the [pleading] standard."). If Plaintiff had provided such a comparison, it would be clear that there is no infringement.

For the reasons set forth in the Answer, Affirmative Defenses, and Counterclaims, Plaintiff's allegations are based on an invalid and unenforceable U.S. Patent - 10,420,703 ("the '703 Patent"). As such, Plaintiff is unlikely to succeed in its infringement allegations.

#### i. The '703 Patent is Invalid

The claims of the '703 Patent are invalid and/or unenforceable under 35 U.S.C. §§101 et seq., for failing to meet the requirements of at least 35 U.S.C. §§101, 102, 103, and/or 112. More specifically, the Plaintiff publicly posted a video of a pill box that discloses, teaches and/or suggests all elements of claims 1 – 7 of the '703 Patent on **April 21, 2017—17 months** before the '703 Patent's filing date of September 20, 2018. See https://www.youtube.com/watch?v=USG45th1xpg.1. (The Prior Art Video). Unsurprisingly, the

Plaintiff did not disclose the Prior Art Video to the Patent Office during the examination of the '703 Patent, and, as a result, no prior art was cited against the patent before issuance.

An image from the Prior Art Video is shown below, and a web printout of the video, including the URL and access date is attached as Exhibit A.




A comparison between the '703 Patent and screen captures from the Prior Art Video reveals no substantive differences between the pill box in the claimed features as shown below:

| US 10,420,703 ('703 Patent) | Corresponding Figure(s) from '703 Patent | Prior Art Video - The "EK-330 Push & Flip Pill Case" https://www.youtube.com/watch?v=USG45th1xpg. |
|---|---|---|
| 1. A pill container comprising: | Pill container<br>FIG.1 | The EK-330 is a pill container |



| | | |
|---|---|---|
| a body having | FIG.1<br>Body 10 | Body<br>Video at, e.g., 0:11<br>Video at, e.g., 0:41 |
| a front wall; | FIG.2<br>Front wall 12 | Front Wall<br>Video at, e.g., 0:18 |
| a rear wall opposite the front wall; | FIG.2<br>Rear wall 14 | Rear wall opposite front wall (rear wall visible through transparent lids)<br>Video at, e.g., 0:20 |
| multiple compartments formed in the body; and | FIG.2<br>Multiple compartments 16 | Compartment<br>Compartment<br>Video at, e.g., 0:18. |



| | | |
|---|---|---|
| Multiple locking buttons formed on the front wall of the body and aligned respectively with the compartments; | FIG.1<br>Multiple locking buttons 18 | Multiple locking buttons |
| multiple lids connected pivotally to the rear wall of the body to selectively close the compartments respectively and engaged detachably with the locking buttons respectively, and each lid having an inner surface facing a corresponding one of the compartments of the body; and | FIG.1<br>Multiple lids 20<br>FIG.2 | Lid<br>Lid pivotally connected to rear wall via tab on rear wall and pivotal hole in lid. All other limitations in clause are met.<br>Video at, e.g., 0:20 |
| multiple resilient pushing bars mounted on the rear wall of the body and respectively abutting against the inner surfaces of the lids, wherein | FIG.2<br>Resilient pushing bars 30 | Lid<br>Rear wall<br>Multiple resilient pushing bars mounted on the rear wall of the body. The pushing bars abut inner surfaces of the lid.<br>Video at, e.g., 0:20 |



| | | |
|---|---|---|
| the body further has multiple insertion sockets formed on the rear wall of the body; and | FIG.2<br>Insertion socket 142 | Space between rear wall and back of body is or includes an insertion socket<br>Video at, e.g., 0:41 |
| each resilient pushing bar has a bottom end inserted into a respective one of the insertion sockets in the body. | FIG.2<br>Bottom end of pushing bar 30 (not visible) is in an insertion socket. | Bottom end of pushing bar (not visible) is in an insertion socket.<br>Video at, e.g., 0:41 |

Moreover, the Moving Defendants have identified one or more of the following prior art US patents and published patent applications that disclose push-button pill boxes with structures substantially similar to the claimed design in the '703 Patent: 2014/0251862, 2014/0251863, D696010, D703943, 7494012, and 7624890 (*See* Exhibit B).

As is clear from a comparison of the claims of the '703 Patent to the Prior Art Video and/or the Prior Art identified in Exhibit B, the pill box of the '703 Patent as claimed contains no novel and/or non-obvious features beyond what is already disclosed in these prior art references, either individually or in combination. Accordingly, the claims of the '703 Patent are anticipated and/or obvious and are therefore invalid.

**ii. The '703 Patent is Unenforceable Due to Inequitable Conduct**

As mentioned, the Plaintiff did not disclose its own Prior Art Video to the Patent Office during the examination of the '703 Patent. Applicants, however, have a duty to disclose information material to patentability to the Patent Office while the application is being examined. 37 C.F.R. 1.56(a), (b) ("each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability"). No patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. MPEP 2001(a). Significantly, failure to disclose material information can give rise to a defense of inequitable conduct and a remedy of the unenforceability of the entire patent. *J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553, 1561, 223 USPQ 1089, 1093-94 (Fed. Cir. 1984); see also *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1258-59, 43 USPQ2d 1666, 1670-71 (Fed. Cir. 1997) (patent held unenforceable due to inequitable conduct based on patentee's failure to disclose a relevant reference).

Here, the Plaintiff failed to disclose information to the Patent Office that was known to it (indeed the Prior Art Video was posted by Plaintiff to its very own YouTube channel) and that discloses, teaches, and/or suggests, the subject matter of claims 1 – 7 as early as April 21, 2017,

**17-months** before its filing date. Plaintiff's failure to disclose this clearly material information constitutes inequitable conduct, as it is both material to patentability and was withheld with intent to deceive the USPTO. Indeed, in view of Plaintiff's failure to disclose the Prior Art Video, the '703 patent did not have any prior art cited against it, and the application sailed through the Patent Office without a single office action.

**iii. The '703 Patent is Not Infringed.**

In addition to the '703 patent being invalid (and unenforceable due to Plaintiff's malfeasance) the Moving Defendant's pill organizer products do not infringe the patent.[1] For example, among other missing limitations, Defendant's accused pill organizer ASIN B0B4RY9MFS does not even include "multiple locking buttons" which are explicitly recited in each and every claim of the '703 patent. Rather, it has a sliding pull mechanism. See https://www.amazon.com/MERICARGO-Organizer-Medicine-Vitamins-Supplements/dp/B0B4RY9MFS




Another accused ASIN (B0CF5DKTXS) does not have multiple resilient pushing bars "mounted on" a rear wall of the body, among many other missing limitations.

[1] Moving Defendant reserves its right to supplement, modify or otherwise revise/change any non-infringement positions taken herein and notes that the parties have not yet exchanged initial contentions as this early stage.




*See* https://www.amazon.com/MERICARGO-Organizer-Medicine-Vitamin-Supplements/dp/B0CF5DKTXS

In view of at least the above, the Plaintiff is unlikely to succeed in its infringement allegations and on the merits of the case.

**B. The Plaintiff Has Failed to Show Irreparable Harm**

Irreparable harm is the "sine qua non" for preliminary injunctive relief. *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 Fed. App'x 31, 33 (2d Cir. 2016) (emphasis in original); *see also Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) (The first two factors— likelihood of success on the merits and irreparable harm—are the most important as a court may deny a motion for a preliminary injunction if "a party fails to establish either of the two critical factors.") (emphasis in original). Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages. *Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("the injury must be of a particular nature so that compensation in money cannot atone for it").

Plaintiff alleges that it will suffer "irreparable injury, loss, or damage." ECF No. 33. Plaintiff, however, has provided no evidence to support these conclusory allegations. Notably, the Moving Defendant began selling its pill boxes as early as **June 22, 2022**, yet Plaintiff delayed in seeking relief. Such delay undermines any claim of irreparable harm. "Delay in seeking relief

renders Bridgeview unable to demonstrate that it will sustain irreparable harm in the absence of a temporary restraining order. As these elements are essential to the award of a temporary restraining order, the order denying Bridgeview's motion must be affirmed." *Minerva Sportswear v. First to the Finish Kim & Mike Viano Sports*, No. 19-CV-2034, 2019 U.S. Dist. LEXIS 241186 (C.D. Ill. May 17, 2019). "The court finds that Plaintiff's claim of irreparable harm is unpersuasive given its delay in taking action." *Checker Car Club of America, Inc. v. Fay*, 262 F. Supp. 3d 621 (N.D. Ill. 2017).

Plaintiff cannot sustain its burden of showing immediate and irreparable harm. For this reason alone, the preliminary injunction should not have been issued and should be dissolved with respect to the Moving Defendant.

**C. The Balance of Hardships Weighs Heavily in Favor of The Moving Defendant**

The balance of hardships tilts decidedly in favor of the Moving Defendant. If a preliminary injunction is not dissolved, the Moving Defendant faces the potential destruction of their businesses. The asset freeze has severely impacted the Moving Defendant's ability to conduct normal business operations**.** The Moving Defendant has suffered substantial harm due to the continued freeze of their ASINs. The ongoing restriction has not only blocked its primary sales channel but also subjected it to the severe consequence of inventory destruction mandated by Amazon by **November 15, 2024**. Due to the prohibitive costs associated with returning inventory to China, the Moving Defendant is facing substantial, unsustainable financial burdens. *See* Exhibit C. In contrast, any potential harm to Plaintiff could be adequately compensated by monetary damages if it prevails on the merits.

**D. The Public Interest Favors Dissolution of the Preliminary Injunction**

The public interest is best served by fostering competition and ensuring the availability of innovative products to consumers. *See Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375

(Fed. Cir. 2012). Here, the Moving Defendants' products have been available to and purchased by consumers for years, e.g., since 2019, demonstrating public demand. Removing these products from the market based on questionable patent claims would disserve the public interest.

Moreover, the public has a strong interest in preventing the abuse of the injunctive relief proceedings to gain an unfair advantage in patent disputes, particularly when the plaintiff is a non-practicing entity. *See eBay*, 547 U.S. at 396-97 (Kennedy, J., concurring).

**E. Plaintiff Has Not Shown that the Moving Defendant Will Hide or Move Assets.**

Plaintiff is trying to get a permanent injunction based on allegations that all defendants are likely to move any assets from accounts in financial institutions under the Court's jurisdiction to offshore accounts. *See* SEALED TEMPORARY RESTRAINING ORDER, Page 2. These allegations do not apply to the Moving Defendant. The Moving Defendant is well-established storefront, operating on Amazon for three years, and has expended considerable effort in building its storefront. Indeed, the Moving Defendant is appearing and vigorously defending itself from this baseless case.

The Moving Defendant has substantial ties to the U.S. market through its established Amazon storefront. It has invested significant time and resources in building its businesses and reputation since September 2021. *See* Exhibit C. The suggestion that it would jeopardize these investments by attempting to hide assets is not credible and has no evidentiary basis.

**F. The Injunctive Relief Plaintiff Seeks is Overbroad and Should Not be Issued.**

Even if injunction relief were appropriate, the Court should have narrowed it significantly. Plaintiff bears the burden of establishing entitlement to an asset freeze, and any such freeze must be limited to the assets that are the direct proceeds of the sales of accused products *See SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 735 (11th Cir. 2005) (the proposed asset freeze may extend only

to the amount by which Defendants profited from any alleged wrongdoing); *In re Fredeman Litig.*, 843 F.2d 821, 824 (5th Cir.1988) (courts may not freeze a defendant's assets which are unrelated to the underlying litigation). Plaintiff failed to meet its burden to show that freezing all of the Moving Defendant's pill box ASINs was warranted.

Plaintiff has not proven its entitlement to freeze the Moving Defendant's entire pill box product line and related assets because other assets that have been frozen are unrelated to this litigation. *SEC v. ETS Payphones, Inc*., 408 F.3d 727, 735 (11th Cir. 2005); *In re Fredeman Litig.*, 843 F.2d 821, 824 (5th Cir. 1988). At a minimum, the asset freeze should be limited to revenue generated from the sale of the products being accused.

Courts have consistently held that asset freezes must be narrowly tailored to the alleged wrongdoing. See, e.g., SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991) (holding that a "court may not reach assets on which the plaintiff can have no equitable claim"). The PRELIMINARY INJUNCTION far exceeds this limitation and should be denied or, at minimum, substantially narrowed.

## IV. CONCLUSION

For these reasons, the Court should dissolve Plaintiff's preliminary injunction against the Moving Defendant, as substantial questions have been raised regarding the infringement, validity, and enforceability of the '703 Patent.

DATED November 13, 2024.

Respectfully submitted,

/s/ *Jeffrey E. Schiller*
Jeffrey E. Schiller
Grogan, Tuccillo & Vanderleeden, LLP
35 East Wacker Drive, Suite 650
Chicago, IL 60601
(312)-546-5066
(413)-733-4543 Fax
schiller@gtv-ip.com
gtvsec@gtv-ip.com

*Counsel for Defendant*

*MERICARGO*

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2024, I caused a copy of the above, **DEFENDANT MERICARGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION** to be served on the Plaintiff by the following means:

☒ With the Clerk of Court using CM/ECF United States District Court –Northern District of Illinois Eastern Division which will send notification of such filing to Plaintiff.

☐ Personal service.

☐ Having copies deposited in a United States Post Office box in sealed Envelopes, proper postage prepaid, on ______.

☐ Overnight delivery to the address listed above.

☐ Via email transmission.

/s/Jeffrey E. Schiller